**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 EMPLOYEE BENEFIT FUNDS AND THE TRUSTEES THEREOF,**<br><br>Petitioner,<br><br>v.<br><br>**GETTY CONTRACTING LLC,**<br><br>Respondent. | Civ. No. 2:14-7799 (KM)(JBC)<br><br>**MEMORANDUM ACCOMPANYING ORDER TO SHOW CAUSE** |

The petition asks the Court to confirm six arbitration awards. There is some question, however, as to whether the Respondent has been properly served. I will therefore order the Petitioner to show cause why the petition should not be denied for improper service (or, in the alternative, to remedy any defect). In addition, I note a few issues with the awards that should be addressed in Petitioner's submission.

## Background

The Petitioner in this case, International Union of Operating Engineers Local 825 Employee Benefit Funds and the Trustees Thereof (the "Fund"), is a trust benefiting a union of construction workers. The Fund pays employee benefits to union members. It alleges that respondent, Getty Contracting LLC, entered into a collective bargaining agreement whereby Getty agreed to make payments to the Fund. Getty, the Fund seems to allege, was delinquent in making these contributions during various periods from August of 2013 through April of 2014. The Fund has initiated six arbitration proceedings against Getty. It appears, though, that the Funds sought not the delinquent

1

contributions themselves but rather interest, liquidated damages, and attorneys' fees. This is unexplained.

Getty did not appear in the arbitration. The arbitrator therefore entered six default awards. Each award ordered Getty to pay some combination of interest, liquidated damages, attorneys' fees, and an arbitrator's fee.

- Five of the six orders awarded interest. The award indicates that the arbitrator used an interest rate of "5.25% (Prime plus 2%)." None of the awards indicates the principal amount upon which this interest payment calculation is based, nor the period during which the balance was outstanding.
- Five of the six awards awarded "Liquidated Damages." These appear to have been calculated as 20% of the amount of interest due. *See, e.g.,* Referral No. 7362IL, awarding $74.82 of liquidated damages, which is 20% of the interest amount of $374.10.
- All six orders award "Attorney's fees and costs." For five of the six awards, this is calculated as 15% of the interest due. For the sixth award (No. 7370FS), the calculation is not apparent from the award.
- Each of the six awards orders Getty to pay an $800 arbitration fee.

In total, the six awards ordered Getty to pay some $7,227.91, comprising $2,427.91 in interest, attorneys' fees, and liquidated damages, plus $4,800.00 in arbitration fees.

**Discussion**

Getty has petitioned this Court to confirm the arbitrator's awards pursuant to 9 U.S.C. § 9. Getty has not entered an appearance or otherwise defended this case. The record, though, leaves some question as to whether Getty has been properly served with the petition or with the motion to confirm the arbitration award under 9 U.S.C. § 9. I will therefore order the Fund to show cause as to why the Petition should not be dismissed for failing to properly serve the Respondent. For the benefit of the parties, I will also take this opportunity to note two apparent discrepancies in the award that should be addressed in any subsequent submission.

2

**Service**

The Federal Arbitration Act allows any party to an arbitration to apply to a federal district court to confirm the award. 9 U.S.C § 9. The Act, however, also requires that the Petitioner properly serve the Respondent with the application. How that service must be accomplished depends on whether the adverse party is a resident of the district in which the award was made.

> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. Thus, if the adverse party is a resident of the district, the petitioner need only serve the petition as if it were a motion. In this instance, that would permit, for example, mail notice, *see* FED. R. CIV. P. 5(b)(2)(C)). If, however, the adverse party is not a resident of the district in which the award was made, service via the U.S. Marshal is required. 9 U.S.C. § 9, *supra.*

The Fund states that it served its motion to confirm the arbitration awards by mail. The arbitrator issued his awards in the District of New Jersey. *See, e.g.*, Referral No. 6370FS[1] (indicating that the award was issued from Springfield, New Jersey). The Fund states that Getty's principal place of business is in New York. (*See* Petition, ¶ 4; Cert. Svc., 1). It may well be, then, that Getty is not a resident of the district in which the awards were made. If it

---

[1] Citations to the record will be abbreviated as follows:

"Petition" – Petition to Confirm Arbitration Awards, Dkt. No. 1.
"Cert. Svc." – Certification of Service, Dkt. No. 3-3.
"Collection Policy" – Contribution Collection Policy and Procedures, Dkt. No. 1-2, Exh. B.
"Referral No. __" – this refers to any of six awards by the arbitrator. Each is titled "Default Award of Arbitrator," and all are found at Dkt. No. 1-3, Exh. C.

3

is a nonresident of New Jersey, Getty must be served via the U.S. Marshal in its home district.

Where a party has failed to enter an appearance, the court must take special care to ensure that it was served. Proper service is the only reassurance the Court has that the Respondent has indeed been notified of the suit and has chosen not to defend it. Prudence, therefore, counsels that I order the Fund to either demonstrate to the Court that service has already been accomplished properly, or else to remedy any defect in service, or on or before the date in the accompanying Order to Show Cause.

**The arbitration award**

For the benefit of the parties, I also note certain issues in connection with the arbitrator's award. In responding to the Order to Show Cause, The Fund should address each issue.

*Pay periods*

First, four of the six arbitration awards seem to cover duplicate periods. Referral No. 7364IL found that payments were delinquent for the time period of January 1, 2014 through March 31, 2014. Referral No. 7452IL found a delinquency for the same period. Likewise, Referral No. 7363IL finds that payments were delinquent for the period October 1, 2013 through December 31, 2013. Referral No. 7365IL awards for part of the same period, December 2, 2013 through December 31, 2013.

I do not fault the arbitrator; he took the case as he found it, and entered a default award when Getty did not appear. Further, there may well be an explanation for these overlapping periods. From the record before me, however, the explanation is not apparent.

*Separate arbitration fees*

Overall, the Fund is alleging delinquencies for the period August 2013 through April 2014. Rather than bring one action before the arbitrator alleging

a delinquency for that entire period, the Fund seems to have divided that period into smaller segments and initiated a separate arbitration for each period. The arbitration hearings for all six matters were held on the same day, August 18, 2014. *See, e.g.*, Referral No. 6370FS. The arbitrator ordered a separate award for each. This might ordinarily be harmless. However, the arbitrator has ordered Getty to pay a separate arbitration fee for each of the six awards he issued.

Here, too, I do not fault the arbitrator, who, in light of Getty's default, took the matters as presented by the Fund. Nor do I begrudge the arbitrator his fee; presented with six matters, as to each he charged his customary fee, which appears quite reasonable.

The trouble is that the Fund's seemingly arbitrary decision to divide the matter into six proceedings has resulted in a sixfold fee. That is the Fund's decision to make, if it is paying the fee. But here it seeks to visit the consequences of that decision on its adversary, shifting the sixfold fee to Getty.

In total, the arbitrator has ordered Getty to pay $4,800 in arbitration fees—$800 for each of the matters presented. I note that this sum is approximately double the $2,427.91 in damages awarded (described as interest, attorneys' fees, and liquidated damages).

As I say, I have no quarrel with the notion that the Fund, because of its decision to bring six separate proceedings, may have incurred a larger fee. Without further explanation, however, I may find it necessary to modify the portion of the award that shifts that sixfold fee to Getty.[2]

---

[2] I note as well that separating this matter into six different arbitrations may have affected the attorneys' fees calculation. Only five awards listed the interest amount on which the attorneys' fee award was based. I will therefore confine my discussion to those five awards. The Collection Policy provides that attorneys' fees are to be calculated at a rate of "fifteen (15%) percent on the first $750.00; ten (10%) on any amount in excess of $750.00." (Collection Policy, § 8 ¶ 3) If the six awards here were treated as a single award, the total amount subject to attorneys' fees would be $1,470.77 (374.10 + 453.27 + 230.58 + 198.61 + 214.21 = $1,470.77) (Referral Nos. 7362IL, 763IL, 7364IL, 7365IL, 7452IL, respectively). That would result in attorneys' fees of $184.58 (15% on the first $750, or $112.50 plus 10% on the remaining

## **Conclusion**

The Fund will be asked to show cause why their petition should not be dismissed, or the awards modified, based on the foregoing issues. A separate order will issue.

Dated: July 20, 2015

                                                          _____
                                                                 KEVIN MCNULTY
                                                          United States District Judge

---

$720.77, or $72.08, for a total of $184.58). As it is now, those five awards order Getty to pay attorneys' fees of $220.60.

6